**In re CRAFT ARCHITECTURAL METALS CORP., f/k/a Camco Metals, Inc., Debtor.**

**CRAFT ARCHITECTURAL METALS CORP., f/k/a/ Camco Metals, Inc., Plaintiff,**

v.

**EUROPEAN AMERICAN BANK, Defendant.**

**Bankruptcy No. 087–70080–21. Adv. No. 089–0008–21.**

United States Bankruptcy Court, E.D. New York.

Aug. 2, 1989.

Berkman, Henoch, Peterson, Kadin, Peddy & Scarcella by Louis A. Scarcella, Garden City, N.Y., for debtor.

Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano by Michael J. Healy, Uniondale, N.Y., for defendant.

## OPINION AND NOTICE OF HEARING

CECELIA H. GOETZ, Bankruptcy Judge:

In this adversary proceeding brought by Craft Architectural Metals Corp., f/k/a Camco Metals, Inc. ("Craft/Camco") against European American Bank ("EAB") in which Craft asks the Court to hold EAB's security interest in the debtor's collateral void, both sides have moved for summary judgment. In light of the recent decision by the Court of Appeals for the Second Circuit in *Sanyo Electric, Inc. v. Howard's Appliance Corp.*, 874 F.2d 88 (2d Cir.1989), this Court has concluded that summary judgment is inappropriate because there are issues of fact that must be resolved.[1]

The complaint requests invalidation of EAB's security interest on the ground that EAB "[f]ailed to properly file Uniform Commercial Code financing statements with respect thereto with the New York Secretary of State and the Suffolk County's Clerk Office." (Complaint, p. 4). Craft/Camco points out that, pursuant to Bankruptcy Code § 544(a)(1), as a debtor-in-possession it enjoys the status of a judgment lien creditor and as such its rights under New York's Uniform Commercial Code § 9–301 are superior to that of a creditor holding an unperfected security interest. EAB's security interest is claimed to be unperfected because the financing statements filed by EAB, as amended, named "Camco Metals, Inc.", not "Craft Architectural Metals, Corp." as the debtor.

The security agreement which this proceeding seeks to avoid was entered into on January 18, 1983 between EAB and the corporation which is now the debtor-in-possession and which was identified in the agreement as Craft Architectural Metals Corporation. Appropriate financing statements with respect to this security agreement were filed in Albany and Suffolk County naming the debtor as "Craft Architectural Metals Corp." Two months later a second security agreement was executed between the debtor employing the name "Camco Metals, Inc." and EAB. Subsequently EAB prepared and filed with the New York Secretary of State and the Suffolk County's Clerk Office UCC–3 financing statements amending the financing statements previously filed with reference to Craft Architectural Metals Corporation and changing the name on the financing statements from "Craft Architectural Metals Corp." to "Camco Metals, Inc."

On November 4, 1987 EAB filed with the New York Secretary of State and the Suffolk County Clerk's Office UCC–3 continuation statements referring to the UCC–1

---

1. A motion for summary judgment is governed by Bankruptcy Rule 7056 which incorporates the summary judgment rule of the Federal Rules of Civil Procedure, Rule 56. The purpose of the motion is to dispose, without a trial, of issues which can be decided upon admitted, or established, facts. 10A Wright, Miller, Kane Federal Practice & Procedure, Civ.2d § 2712 (2d Ed.1983). The court must deny summary judgment where there is a genuine issue as to any material fact, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and grant it where there is no such issue and the movant is entitled to judgment as a matter of substantive law. *Hamilton v. Smith*, 773 F.2d 461 (2d Cir.1985). The Court's function is not to try issues of fact but to determine "whether there are issues to be tried." *Schering Corp. v. Home Insurance Company*, 712 F.2d 4, 9 (2d Cir.1983) *quoting Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir.1975). The "key is issue-finding, not issue-resolution." *United States v. One Tintoretto Painting*, 691 F.2d 603, 606 (2d Cir.1982).

statement originally filed with reference to "Craft Architectural Metals Corp." subsequently amended to "Camco Metals, Inc."

Craft/Camco filed under Chapter 11 on January 30, 1987.

The debtor's position is that its legal name is Craft Architectural Metals Corporation, that this has been its name since January 4, 1982 and that, consequently, the UCC statements filed by EAB, when amended to change the debtor's name from Craft to Camco, resulted in EAB's lien thereafter being unperfected. According to the debtor, EAB

> clearly made a serious mistake in June, 1983, when it changed the name on the UCC financing statement from Craft to Camco. As a result, the bank does not have a perfected security interest in the Debtor's assets. The Bank's own pleadings reveal that there are no effective financing statements filed that would give the world notice of a security interest held by the Bank against Craft. Consequently the debtor is entitled to summary judgment.

(Affidavit in Opposition to Motion of EAB and in Support of Debtor's Cross Motion, p. 19)

EAB's answer alleges Craft and Camco to be one and the same entity and pleads as an affirmative defense that Craft is barred under the doctrine of collateral estoppel from litigating the issue of the perfection of EAB's security interest in collateral held by Craft by reason of a state court order and judgment obtained by EAB declaring Craft and Camco to be one and the same entity and foreclosing EAB's security interest in collateral held by Craft.

Because the Court is denying both EAB's motion for summary judgment and Craft's cross-motion it is not making any findings of fact. However, for purposes of background, some recitation of the underlying facts is appropriate. Many of the statements which follow have been taken from the Affidavit of Charles Senzel, President of the debtor, submitted in opposition to EAB's motion and in support of the debtor's own cross-motion.

Craft Architectural Metals Corp. ("Craft") was incorporated pursuant to the laws of the State of New York on February 18, 1953. On or about November 20, 1981, Camco Metals, Inc. ("Camco") was incorporated pursuant to the laws of the same state. Thereafter, in December 1981, Craft was merged into Camco with Camco being the surviving corporation. A Certificate of Merger was filed with the Secretary of the State of New York on December 29, 1981. Four days later, on January 2, 1982, a Certificate of Amendment of the Certificate of Incorporation of Camco was filed changing the name of Camco to Craft.

According to an affidavit by Judith Nelson, executed February 13, 1986, and submitted in the prior state court proceeding, EAB's relationship with Craft/Camco commenced in 1980 at which time EAB purchased a share of a loan made to Craft by the New York Business Development Corporation. At that time EAB also began advancing funds directly to Craft. On January 18, 1983, EAB and Craft entered into the security agreement here involved. There is no evidence that EAB was aware of the merger with Camco that had taken place one year earlier. Four months later, on May 25, 1983, EAB requested a security agreement naming Camco as the debtor. Miss Nelson's explanation of the reason for the request was that EAB had been informed in early 1983 by Mr. Senzel that Craft had changed its name to Camco and that Camco was the new corporate name. Mr. Senzel, Camco's President, explained that the corporation formerly known as Craft would now be known as Camco. This advice was confirmed by a letter dated June 10, 1983 signed by Mr. Senzel in which he advised EAB that the date of the change to Camco was January 1, 1982 and that all the debts and obligations of Craft remained the responsibility of Camco. The letter read:

Camco Metals, Inc.

755 Park Avenue

Huntington, New York 11743

The date of change to the Camco Metals, Inc. was January 1, 1982. All documents executed and all the debt and obligations of Craft Architectural Metals Corpora-

tion remain the responsibility of of [sic] CAMCO METALS, INC.

*s/ Charles Senzel*

President

The letter was silent respecting the change of name back to Craft which took place on January 2, 1982.

When the debtor's President, following his regular practice, subsequently provided EAB with a certified financial statement, it was addressed to the Board of Directors of Camco Metals, Inc., whereas the prior financial statements named Craft Architectural Metals Corp.[2] As late as 1984 EAB was receiving checks signed by Camco.

By amended summons and complaint dated November 18, 1985, EAB brought an action against Camco, Craft, Charles Senzel, JoAnne Senzel and Northern Industries in Supreme Court, State of New York, seeking to enforce the terms of its security agreements. In that case in which the defendants likewise argued that the security agreements were void because they named Camco instead of Craft, EAB moved for summary judgment which was granted by the court which said:

Defendants admit the execution of the loan documents but attempt to assert that the loan documents are somehow invalid because they refer to either or both entities—Craft or Camco. However, there has always been only one corporate entity to whom loans were given and for whom the guaranty was executed.... As stated by defendant Senzel in his affidavit, the name "Camco Metals, Inc. ..." was used by company's accountants in the financial statements prepared for the plaintiff by the one and only company. In this case *the* company, like the "Rose" of poetic fame, by any other name was always *the* company and no advantage should inure to the defendants by interjecting confusion where none exists in reality. (emphasis in original)

Judgment was entered in favor of EAB for $940,158.77 and adjudicating that Camco and Craft and all persons claiming under them "be and hereby are forever barred and foreclosed of all right, claim, lien, title and interest in the Collateral described in the complaint and specified below, in each and every part thereof...." Craft/Camco was directed to assemble and deliver the collateral to a place to be designated by the plaintiff. There is no evidence, however, that such delivery was ever made.

EAB has tried to prove that a lien search under the name "Craft" on the date the petition was filed would have put a creditor on notice of EAB's interest in Craft's assets. It has submitted evidence that a lien search in the Suffolk County Clerk's office under the name "Craft" made in 1989 disclosed (1) the financing statement naming Craft as a debtor which EAB filed on January 24, 1983, (2) the amendment filed in June 1983 changing the name of the debtor from Camco to Craft and (3) the continuation statement filed by EAB under the name Camco in November 1987. Although a similar lien search in Albany turned up nothing, EAB attributed that to the fact that the financing statement had lapsed by that date and argues that a lien search made on January 30, 1987, the date the petition was filed, would have produced the January 24, 1983 UCC–1 financing statement just as that statement was produced in response to the file search in Suffolk.

It is unnecessary for this Court at this point to reach a conclusion as to the sufficiency of EAB's financing statements in satisfying UCC 9–301 because other facts may turn out to be dispositive.

While the motions for summary judgment were pending the Court of Appeals for the Second Circuit decided *Sanyo Electric, Inc. v. Howard's Appliance, supra,* which held that in certain circumstances the rights of a secured creditor as the

---

**2.** Under date of March 15, 1983, Schultheis & Panettieri, Certified Public Accountants, forwarded to the "Board of Directors CAMCO Metals, Inc." what they describe as a balance sheet of Camco Metals, Inc. as of December 31, 1982 and 1981. One of the notes to this balance sheet

read "Effective January 1, 1982, Craft Architectural Metals Corp. and Camco Metals, Inc., merged under Section 904 of the Business Corporation Law with CAMCO Metals, Inc. the surviving corporation. CAMCO Metals, Inc. was inactive prior to the merger."

beneficiary of a constructive trust will prevail over the hypothetical creditor in whose shoes the Chapter 11 debtor stands. The Court found a constructive trust to rise under the law of New Jersey because the secured creditor in that case would have perfected its security interest had the debtor not concealed from it that it had begun storing its goods in New Jersey.

Accordingly, in view of the allegations that the reasons why EAB had amended its financing statement to show the name of the debtor as Camco rather than Craft was because of advice given it by Charles Senzel, the President of Craft and Camco, this Court invited the parties to brief the applicability of the decision in *Howard's* to the facts in this case.

EAB claims that Craft, through its President and owner, Charles Senzel, engaged in flagrant misconduct, calculated to mislead EAB into amending all of its Craft documents, including the Craft financing statement, in an effort to frustrate EAB's security interest in Craft's property. It maintains that in changing the name of its corporate account from Craft to Camco and having Senzel as President execute a general security agreement under the name Camco, it relied upon statements by Mr. Senzel that Camco had assumed all the obligations of Craft and the corporation formerly known as Craft would now be known as Camco. EAB alleges that in filing amendments to the UCC financing statements to reflect the change in the name from Craft to Camco, they acted in consequence of Craft's representations and writings that Camco was the correct corporate name. Had Craft not deceived EAB about changing its name, it would not have amended its financing statement.

Charles Senzel disputes EAB's allegations. He denies that any confusion resulted from the debtor's corporate structure or from the merger of Camco and Craft "inasmuch as all merger documents were properly filed and made a part of the public record." (Senzel Affidavit, p. 8). He claims that he signed the general security agreement naming Camco as the debtor only at the demand of Judy Nelson and despite his surprise that the Bank would request such an endorsement. He asserts that the debtor dealt with its suppliers and customers only in the name of Craft and signed all contracts and purchase orders for the transaction of business as Craft.

In view of these allegations the Court is unwilling to grant summary judgment in favor of Craft since even if it is assumed that the filing was inadequate to perfect EAB's security interest, Craft may still not be entitled to summary judgment under the constructive trust theory recognized in *Howard's*. On the other hand, since Senzel denies that he misrepresented the facts to EAB, summary judgment is likewise inappropriate in favor of EAB.

The Court agrees with Craft that the doctrine of collateral estoppel is not necessarily dispositive of the ultimate issue to be decided in this case which is whether Craft, as vested with the powers of a trustee under Section 544, is entitled to void EAB's lien as improperly perfected. This is not an issue which was before the state court nor addressed by it. It may be that the issues adjudicated by that Court, including its decision that Craft and Camco are one and the same, may turn out to be ultimately dispositive of the issues to be decided in this proceeding, but that remains to be determined.

Because of the pendency of the motions for summary judgment, pre-trial proceedings in this matter have been suspended. Prior to their suspension the debtor had indicated the necessity for further discovery. Therefore, a pre-trial hearing is scheduled for August 29, 1989 at 11:00 a.m., in order to fix a schedule for completion of discovery and a trial date.

Settle Order.